ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LYDIA GONZÁLEZ CARIDE<br><br>Recurrida<br><br>v.<br><br>ALGA MARINA DEL VALLE MORALES<br><br>Peticionaria | TA2025AP00410 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Vega Baja<br><br>Caso Núm.: BYL1212025-7125<br><br>Sobre: Ley 121 |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de octubre de 2025.

La Sra. Alga M. Del Valle Morales (peticionaria o señora Del Valle Morales) compareció ante nos por derecho propio el 3 de octubre de 2025.[1] Solicitó la revocación de la *Orden de Protección para el Adulto Mayor*,[2] BYL1212025-7125, expedida por la Hon. Ángela Díaz Escalera, del Tribunal Municipal de Vega Baja, a favor de la Sra. Lydia González Caride.[3] En lo que nos atañe, el foro impugnado expresó:

> Luego de escuchar a la parte o las partes, y su testigo o testigos, y evaluada la prueba, el Tribunal llega a las siguientes determinaciones de hechos:
>
> Peticionada es una vecina de la Peticionaria cada vez que ve a la Peticionaria le dice puta y que va a matar a su hijo. El último incidente ocurrió el pasado sábado. Peticionaria llamó a la Policía de PR. Peticionaria teme por su seguridad. Se expide orden de protección.
>
> 15 de septiembre de 2025, Peticionaria se sostiene en las alegaciones de la orden de protección *ex parte*. Peticionada es la vecina de la Peticionaria. Peticionada le ha levantado la voz y faltado el respeto. Peticionada interviene con

---

[1] Acogemos el recurso como una petición de *certiorari*, por ser lo procedente en derecho, conforme la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). No obstante, por razones de economía procesal, conservaremos su actual designación alfanumérica.

[2] Ley Núm. 121 de 1 de agosto de 2019, *Carta de derechos y la política pública del gobierno a favor de los adultos mayores*, 8 LPRA sec. 1511 *et seq.*

[3] La peticionaria no incluyó copia del dictamen emitido, en el caso BYL1212025-7125 del Tribunal de Primera Instancia, Sala Municipal de Vega Baja, del cual tomamos conocimiento judicial.

frecuencia con la Peticionaria y sus hijos. El último incidente ocurrió el 26 [*sic*] de julio de 2025,[4] la Peticionada le dijo puta, jirafa y que va a matar a su hijo. Se expide orden de protección final por seis meses.

Por virtud de las afirmaciones anteriores, el foro impugnado expidió la *Orden de Protección* desde el 15 de septiembre de 2025 hasta el 15 de marzo de 2026.

Como cuestión de umbral, es menester destacar que los escritos judiciales que examinamos, casi en su totalidad, fueron redactados en primera persona por la Sra. Aida A. Morales Quintana, madre de la compareciente, debido a que la señora Del Valle Morales tenía la mano lastimada.[5] Por las expresiones realizadas, la peticionaria es mayor de edad (57 años), ostenta un grado de maestría y es bióloga de profesión.[6]

Ahora bien, cabe señalar que **no existe constancia alguna de la notificación del recurso apelativo a la representación legal de la parte recurrida**[7] **ni al foro primario**. En cuanto al contenido, más allá de imputar falsedad a la fecha de los hechos, 26 de julio de 2025, el recurso de autos **no presenta señalamientos de errores concretos ni su discusión**, sino que se limita a reiterar el remedio revocatorio.

De hecho, del examen sosegado de los escritos, se desprende que la madre de la peticionaria —**contra quien no se expidió un mandamiento por lo que no es parte del procedimiento**— plantea como contención el no haber sido llamada a testificar en la vista celebrada el 15 de septiembre de 2025 para "defender mi hogar y mi hija".[8] Téngase en cuenta, sin embargo, que la peticionaria compareció a la vista final representada por la Lcda. Luz Rodríguez Vélez.[9]

---

[4] Aun cuando el tribunal consignó el día 26, de la petición de la recurrida surge la fecha de 27 de julio de 2025. Véase, *Petición de Orden de Protección para el Adulto Mayor*, BYL1212025-7125 acápite 3.

[5] Véase, el recurso de *certiorari*, pág. 17, entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[6] Véase, la moción suplementaria, págs. 6 y 11, entrada 2 del SUMAC.

[7] La recurrida estuvo representada por el Lcdo. Eduardo Rosado Román. Véase, *Orden de Protección para el Adulto Mayor*, BYL1212025-7125 acápite 10.

[8] Véase, el recurso de *certiorari*, pág. 8, entrada 1 del SUMAC.

[9] Véase, *Orden de Protección para el Adulto Mayor*, BYL1212025-7125 acápite 10.

Ante la inconformidad de no haber testificado, **la señora Morales Quintana pretende prestar declaración de su versión de los hechos mediante el presente recurso y presentar evidencia**.[10] Así, pues, narra hechos presuntamente acontecidos en junio y julio pasados,[11] realiza serias imputaciones en contra de la parte recurrida, en contra de terceros e incluso contra el Tribunal de Primera Instancia y la Policía de Puerto Rico. Además, solicita un correo electrónico a esta curia para que la peticionaria someta unas fotografías. Ambas intenciones, las de presentar evidencia testifical y fotográfica, son improcedentes ante este foro intermedio revisor. Nótese que cualquier solicitud de protección o de querellas de índole criminal o de naturaleza administrativa, que la peticionaria y su progenitora deseen presentar, deberán hacerlo en los foros apropiados, toda vez que son ajenas a nuestra competencia y jurisdicción. Estas circunstancias, pues, impiden que ejerzamos responsablemente nuestra función revisora.

Como se sabe, la marcha ordenada y efectiva de los procedimientos judiciales exige el cumplimiento de las reglas de los tribunales apelativos. Lo contrario impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). En ese sentido, las normas que rigen **el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente**. *Soto Pino v. Uno Radio Group, supra*, pág. 90; *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

Con relación a lo anterior, nos remitimos a la Parte IV del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), la cual gobierna el trámite de los recursos de *certiorari* instados ante este foro. El propósito

---

[10] Véase, la moción suplementaria, págs. 6, 8-10, 12-13 entrada 2 del SUMAC.
[11] Se aludieron a hechos considerados y descartados por el Tribunal Municipal en otro procedimiento. Tomamos conocimiento judicial del caso BYL2842025-8925, *Resolución Denegando Orden de Protección*. El 27 de agosto de 2025, el foro municipal denegó una orden de protección solicitada por la peticionaria contra la recurrida y su hijo, el Sr. Ángel Gómez González, al palio de Ley Núm. 284 de 21 de agosto de 1999, *Ley contra el acecho en Puerto Rico*, 33 LPRA sec. 4013 *et seq*. La determinación no fue impugnada.

de la reglamentación es facilitar el proceso de revisión apelativa, al colocar al tribunal en posición de decidir correctamente las cuestiones planteadas, mediante el examen de un expediente completo. *Soto Pino v. Uno Radio Group, supra,* pág. 90. Así, pues, al asegurarnos que el incumplimiento del ordenamiento reglamentario ha provocado un impedimento real para considerar la controversia en los méritos, **la inobservancia de las reglas puede conllevar la sanción más severa; esto es, la desestimación**. *Román et als. v. Román et als.,* 158 DPR 163, 167-168 (2002).

En lo pertinente, el inciso (B) de la Regla 33 de nuestro Reglamento, *supra,* establece el **requisito de notificación del recurso**. Veamos.

(B) Notificación del recurso a las partes

. . . . . . . .

Será deber de la parte peticionaria notificar el recurso de *certiorari* a las partes que litigan por derecho propio o a cualquier otra parte que sea requerida según las disposiciones legales aplicables.

Cuando la notificación electrónica no sea viable, la parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, [...], dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. [...]

La precitada regla requiere que la parte peticionaria notifique el escrito de *certiorari* a la representación legal de las partes recurridas, o en su defecto, a éstas mismas, dentro del mismo término para presentar el recurso, siendo éste un término de cumplimiento estricto. Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha opinado que este foro apelativo no goza de discreción para prorrogarlos de manera automática. *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 170 (2016).

Únicamente tenemos discreción para extender un término de cumplimiento estricto si concurren las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. *Soto Pino v. Uno Radio Group, supra*, pág. 93.

Por otra parte, el inciso (C) de la Regla 34 de la aludida reglamentación versa sobre el **contenido del escrito de *certiorari***:

(C) Cuerpo

.     .     .     .     .     .     .     .

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. [...]

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(g) La súplica.

De otro lado, nuestro alto foro judicial ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Es norma reiterada que **los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay**. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el

planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. Un dictamen emitido sin jurisdicción es nulo en Derecho y, por lo tanto, inexistente. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra,* págs. 499-500. Al respecto**,** la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* autoriza a esta curia a desestimar un recurso apelativo, bajo el fundamento de falta de jurisdicción, estatuido en el inciso (B) (1) de la misma norma procesal.

A la luz de los principios antes enunciados, colegimos que carecemos de jurisdicción para atender el recurso discrecional presentado. Nos explicamos.

Según reseñamos, los escritos incoados, por conducto de la progenitora de la peticionaria, incumplen crasamente con muchos de los requisitos del Reglamento del Tribunal de Apelaciones, *supra,* de tal forma que nos impide considerarlos en los méritos. El recurso y el escrito suplementario no se adhieren a nuestra reglamentación, toda vez que carecen de una relación fiel y concisa de los hechos procesales y materiales del caso BYL1212025-7125, adolecen de señalamientos de errores cometidos por la Sala Municipal y una discusión fundamentada de éstos. Por el contrario, es evidente la pretensión de prestar testimonio impugnatorio y evidencia fotográfica a través del recurso del epígrafe, lo que no constituye un recurso de *certiorari* que podamos revisar. Nótese que la omisión de desfilar esa prueba ante el foro recurrido no es imputable a éste. El magistrado o magistrada no convoca a testigos a instancia propia, sino por solicitud de las partes litigantes, como una cuestión estratégica-legal.

Recuérdese también que la peticionaria ni siquiera presentó la *Orden de Protección para el Adulto Mayor* recurrida y tampoco satisfizo los requerimientos reglamentarios de notificación. Es decir, de conformidad con el ordenamiento reseñado, la peticionaria contaba con un término jurisdiccional de treinta (30) días, para presentar ante nuestra consideración el recurso de *certiorari*. Así lo hizo. Pero, además, en ese término, como cumplimiento estricto, debió notificar el recurso a la representación legal de la parte recurrida. En vista de que la señora Del Valle Morales no realizó la notificación ni tampoco nos acreditó una justa causa para su incumplimiento, resulta forzoso colegir que ello nos priva de jurisdicción y procede la desestimación del recurso de autos. En torno a esto, es necesario precisar que el derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los foros inferiores está supeditado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, el contenido, la presentación y la notificación de los recursos. *Hernández Jiménez, et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). El mero hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. *Febles v. Romar,* 159 DPR 714, 722 (2003).

En mérito de las determinaciones previas, desestimamos el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones